FILED

2018 AUG 14 PM 12:28

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELA PIPES,
on behalf of herself and all
others similarly situated,

    Plaintiff,

Case No.: 6:18-cv-1328-ORL-40GJK

v.

ACE & W INVESTMENT, LLC d/b/a
MANNY'S ORIGINAL CHOPHOUSE
OF KISSIMMEE,

    Defendant.
_____/

## CLASS ACTION AND COLLECTIVE COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELA PIPES, by and through undersigned counsel, and on behalf of herself and all those similarly situated, brings this hybrid class/collective action against Defendant, ACE & W INVESTMENT, LLC d/b/a MANNY'S ORIGINAL CHOPHOUSE OF KISSIMMEE, and in support thereof states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Art. X, § 24 of the Florida Constitution minimum wage provisions as Defendant failed to pay its employees the minimum wage as required under both federal law and pursuant to Florida law.

2. Venue is proper in the Middle District of Florida because Defendant is a resident of this District, Plaintiff is a resident of this district, and the events giving rise occurred within this District.

## PARTIES

3. Plaintiff is a resident of Kissimmee, Osceola County, Florida.

4. Defendant operates a restaurant Kissimmee, Osceola County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff and the putative Florida Class Members have satisfied all conditions precedent, or they have been waived, including by sending Defendant a pre-suit demand notice as mandated by Fla. State. 448.110 (6)(a).

6. Plaintiff hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff and the FLSA Collective Class Members were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff and the FLSA Collective Class Members were an "employees" of the Defendant within the meaning of the FLSA.

10. The FLSA Collective Class Members consist of all similarly situated employees who were employed as by Defendants by Defendant within the last three years.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff and the FLSA Collective Class Members was directly essential to the business performed by Defendant.

## FACTS

16. Plaintiff began working for Defendant as a Server in May 2016 and she worked in this capacity until October 2016.

17. At all times material hereto, Plaintiff, the FLSA Collective Class Members, and the putative Florida Class Members worked hours at the direction of Defendant, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

18. Specifically, Defendant compensated Plaintiff, the FLSA Collective Class Members, and the putative Florida Class Members at an hourly rate below the Florida and Federal minimum wage by taking what's commonly referred to as the "tip credit" for tipped employees. However, the tip amounts Defendant paid to Plaintiff, the FLSA Collective Class Members, and the putative Florida Class Members in which Plaintiff seeks to represent did not add up to at least the Federal or Florida minimum wage threshold.

19. Defendant did not accurately record all of the hours worked by its employees.

20. By failing to accurately record all of the hours worked by Plaintiff, the FLSA Collective Class Members, and the putative Florida Class Members, Defendant failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2

21. Defendant's actions were willful, intentional, and showed reckless disregard for the provisions of the FLSA.

## FLSA 29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "FLSA Collective Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of all similarly situated employees consists of all other persons employed by Defendant within the last three years who were not paid federal minimum wage.

23. More specifically, the FLSA Collective Class is defined as follows:

**All persons employed by Defendant whom Defendant failed to pay the mandated federal minimum wage during the three years preceding the filing of this Complaint through the present (hereinafter referred to as the "FLSA Collective Class").**

24. The total number and identities of the FLSA Collective Class members may be determined from the records of Defendant, and the FLSA Collective Class may easily and quickly be notified of the pendency of this action.

25. Plaintiff is similar to the FLSA Collective Class because she and the FLSA Collective Class have been unlawfully denied full payment of their minimum wages as mandated by the FLSA.

26. Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the FLSA Collective Class.

27. Defendant's failure to pay all wages due at a rate that was at least equal to the applicable statutory Federal minimum wage amounts is common to the FLSA Collective Class.

28. Defendant's practice of making unlawful deductions from wages in violation of the FLSA is common to the FLSA Collective Class.

29. Overall, Plaintiff's experience as a Server who worked for Defendant is typical of the experience of the FLSA Collective Class.

30. Specific job titles or job duties of the FLSA Collective Class do not prevent collective treatment.

31. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## RULE 23 REQUIREMENTS

32. Plaintiff, on behalf of herself and all those similarly situated asserts a Fed. R. Civ. P. 23 class claim against Defendant defined as follows:

> All persons who were employed by Defendant at any time five years prior to the filing of this Complaint, through the present, and who were not paid at least the applicable Florida Minimum Wage for all hours worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Florida Class").

33. **Numerosity**: The persons in the Florida Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are approximately 150 members of the Florida Class during the Florida Class Period.

34. **Typicality**: The claims of Plaintiff are typical of the claims of the Florida Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy particularly in the context of wage and hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

35. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Florida Class, and has retained counsel experienced in complex class action litigation.

36. **Commonality**: Common questions of law and fact exist as to all members of the Putative Classes, and predominate over any questions solely affecting individual members of the Putative Classes. These common questions include, but are not limited to:

   a. Whether the Defendant employed the members of the Florida Class within the meaning of Article X, Section 24 of the Florida Constitution;

   b. Whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Florida Class Members;

   c. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d.    Whether Defendant failed and/or refused to pay the members of the Florida Class at least the Florida Minimum Wage in one of more workweeks;

    e.    Whether the Defendant are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

    f.    Whether the Defendant should be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

37. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members.

38. This case is also maintainable as a class action because Defendant have acted or refused to act on grounds that apply generally to the putative Florida Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

39. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and addresses of the Putative Class members are readily available from Defendant's records.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

41. During the statutory period, Plaintiff and the FLSA Collective Class Members worked for Defendant, and were not paid a minimum wage for the hours that they worked, as mandated by the FLSA.

42. Defendant failed to compensate Plaintiff and the FLSA Collective Class Members at a rate that was at least equal to the applicable federal minimum wage.

43. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C). As a result, Plaintiff and the FLSA Collective Class Members who have opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45. As a result of the foregoing, Plaintiff and the FLSA Collective Class Members have suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective FLSA Collective Class Members that she seeks to represent, in accordance with the FLSA;

b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative Collective Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

e) Judgment against Defendant for an amount equal to the unpaid minimum wages of Plaintiff and all opt-in Members of the FLSA Collective Class;

f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and opt-in Members of the FLSA Collective Class at the applicable statutory minimum wage, as liquidated damages;

h) Judgment against Defendant stating that its violations of the FLSA were willful;

i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

### COUNT II – VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint as though fully set forth herein.

47. Plaintiff and the putative Florida Class Members were entitled to be paid at least the Florida minimum wage for each hour worked during their employment with Defendant.

48. Specifically, Plaintiff and the putative Florida Class Members were not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

49. Defendant willfully failed to pay Plaintiff and the putative Florida Class the required minimum wages for one or more weeks during their employment contrary to Article X, Section 24 of the Florida Constitution.

50. Plaintiff has complied with all statutory prerequisites to bringing her claim pursuant to Article X, Section 24 of the Florida Constitution.

51. Specifically, on April 20, 2018, Plaintiff served Defendant with a Notice pursuant to Fla. Stats. § 448.110, on behalf of herself, and those similarly situated to Plaintiff. Based upon information and belief, Defendant received this Notice on April 25, 2018.

52. More than 15 days have elapsed since Plaintiff service of her Notice on Defendant, and Defendant has failed to make payment to Plaintiff and failed to make payment to the putative Florida Class members.

53. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the putative Florida Class have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

54. Plaintiff and the putative Florida Class Members are entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

55. Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

**WHEREFORE**, Plaintiff, on behalf of herself and the Florida Class, prays for relief as follows:

a. Determining that this action may proceed as a class action;

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative Florida Classes;

c. Issuing proper notice to the putative Florida Classes at Defendant's expense;

d. All unpaid wage and overtime compensation due under Article X, Section 24 of the Florida Constitution;

e. An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

f. Awarding actual damages;

g. Awarding reasonable attorneys' fees and costs;

h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ___ day of August, 2018.

Respectfully submitted,

/s/ Matthew K. Fenton

**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-223-6413
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
Email: csaba@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**