**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANGELA PIPES,**

**Plaintiff,**

**v.** **CASE NO: 6:18-cv-01328-PGB-GJK**

**ACE & W INVESTMENT, LLC d/b/a MANNY'S ORIGINAL CHOPHOUSE OF KISSIMMEE,**

**Defendant.**
**_________________________________/**

**JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL OF THIS MATTER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff ANGELA PIPES ("Plaintiff"), and ACE & W Investment, LLC d/b/a Manny's Original Chophouse of Kissimmee ("Defendant") (collectively "the Parties"), hereby notify the Court that the Parties have resolved Plaintiff's Fair Labor Standards Act ("FLSA") claim raised in this matter and stipulate to the dismissal of all such claims in this action with prejudice. As such, the Parties file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

**FACTUAL BACKGROUND**

1. On or about August 14, 2018, Plaintiff filed a Complaint against Defendant for violations of the Fair Labor Standards Act ("FLSA," 29 U.S.C. §201, *et seq*.) and Art. X, § 24 of the Florida Constitution minimum wage provisions in the United States District Court for the Middle District of Florida.

2. Plaintiff alleges that Defendant failed to pay her proper minimum wage in

violation of the FLSA.

3. The parties dispute the amount of wages at issue and whether Plaintiff was entitled to full minimum wage under the FLSA, where Defendant alleges it had in place at all tips a legal tip pool.

4. The parties exchanged documents and information regarding Plaintiff's claims and Defendant's defenses.

5. Counsel for the parties engaged in substantive settlement discussions regarding Plaintiff's FLSA claim. On January 24, 2019, the parties reached an agreement to resolve all claims made by Plaintiff.

6. The parties have memorialized the settlement terms in a Settlement Agreement and Release of Claims ("Settlement Agreement"), attached as Exhibit A.

**TERMS OF THE SETTLEMENT AGREEMENT**

7. The parties have agreed to settle Plaintiff's FLSA claim for a release of claims by Plaintiff as set forth in the Settlement Agreement.

8. Plaintiff will receive a total amount of $2,860 which includes full compensation for Plaintiff's FLSA wage and retaliation claims, including liquidated damages. Plaintiff's counsel will receive a total amount of $10,140 in attorney's fees and costs. Significantly, the agreements between the parties to resolve Plaintiff's underlying FLSA claims were made without regard to the resolution of Plaintiff's attorneys' fees and costs. The parties separately agreed to settle Plaintiffs' attorneys' fee and costs for a total of $10,140. Inclusive of costs

and attorneys' fees, Defendant will pay $13,000.00 to fully resolve this case and all of Plaintiff's claims against it.

9. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Court must review the FLSA settlement to determine if it is a "fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-44.

**MEMORANDUM OF LAW**

In agreeing upon their settlement reached herein, the parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The parties also respectfully submit that the settlement reached among the parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to *Lynn's Food*, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See, e.g.*, *Gruendner v. Douce France Bakery, Inc.*, 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012); *Lalog v. Hilton Resorts Corp*., 2011 WL 1659383, *1 (M.D. Fla. Apr. 4. 2012).

At all times material hereto, Plaintiff and Defendant were represented by counsel experienced in litigating Plaintiff's FLSA claim. Both the terms and conditions of the parties'

settlement agreement and the settlement amount were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of Plaintiff's Answers to Court Interrogatories, and the pay records and time records of Plaintiff provided by Defendant. The parties, therefore, respectfully submit that the agreement they have entered into represents a reasonable compromise of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*. *See, e.g., Fernandez v. A-1 Duran Roofing, Inc.*, 2013 WL 684736, *2 (S.D. Fla. Feb. 25. 2013) (approving settlement where parties were represented by counsel).

The attorney's fees and costs that the Parties agreed upon for Plaintiff's counsel were negotiated separately from the settlement sums paid to Plaintiff. *See Bonetti v. Embarq Mgmt. Co*., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating, "if the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Accordingly, the Court should approve the settlement as a fair resolution of a bona fide dispute.

Based upon the foregoing, the parties respectfully submit that the settlement reached

herein was a reasonable compromise that was arrived at after due consideration. Pursuant to *Lynn's Food*, the parties request that the Court approve the parties' settlement as fair and reasonable and dismiss this case with prejudice.

Dated: February 19, 2019

Respectfully submitted,

*/s/ Christopher J. Saba*
**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**Wenzel Fenton Cabassa, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

*/s/ Melissa G. Mince*
**MELISSA G. MINCE**
Florida Bar No. 564230
13577 Feather Sound Drive, Suite 500
Clearwater, Florida 33762
Telephone: 727-329-1999
E-Mail: mmince@floridalawpartners.com
E-Mail: eserve@floridalawpartners.com
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19th day of February, 2019, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to:

Melissa G. Mince
Anderson Law Group
13577 Feather Sound Drive, Suite 500
Clearwater, FL 33762
Email: mmince@floridalawpartners.com

*/s/ Christopher J. Saba*
**Christopher J. Saba**