# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into by and between ANGELA PIPES ("Pipes") and ACE & W Investment, LLC d/b/a Manny's Original Chophouse of Kissimmee (the "Company").

**WHEREAS,** Pipes' employment with the Company terminated in October 2016; and

**WHEREAS,** Pipes filed a complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and Art. X, § 24 of the Florida Constitution minimum wage provisions in the United States District Court for the Middle District of Florida, civil action number 6:18-cv-01328-PGB-GJK (hereinafter "the Action"); and

**WHEREAS,** Pipes and the Company want to resolve fully and finally all differences and disputes between them raised in this case;

**NOW, THEREFORE,** in consideration of the premises and mutual promises in this Agreement, it is agreed as follows:

1. **Non-Admission of Liability or Wrongful Conduct.**

This Agreement shall not in any way be construed as an admission by the Company that the Company violated any law, rule or regulation; that the Company acted wrongfully with respect to Pipes or any other person; or that Pipes has any rights whatsoever against the Company. The Company specifically disclaims and denies any violation of any law, rule, or regulation and any liability to, or wrongful acts against, Pipes or any other person, on the part of itself, its employees or its agents. No party shall be considered a prevailing party for any purpose in the Action.

2. **Settlement Payment and Other Consideration.**

   a. In exchange for and in consideration of the covenants and promises contained herein, including Pipes' release of the claims against the Company and the Released Parties as set forth in Section 3, below, the Company will provide Pipes with a payment in the total gross amount of Thirteen Thousand One Hundred and 00/100 Dollars ($13,100.00) (hereinafter "the Settlement Payment") which shall be distributed, as follows:

      (i) The Company shall issue one check made payable to Pipes in the amount of $1,430, in lieu of back pay for alleged unpaid wages arising during her employment with the Company, less deductions for customary tax withholdings, said check being issued in an amount net of customary withholdings and taxes and which shall be reported on an IRS Form W-2 (the "Lost Wages Payment"). This payment shall be made upon and subject to compliance with the requirements of subsection 2.b, below.

- 1 -

  (ii)  The Company shall issue a second check made payable to Pipes in the amount of $1,530, in lieu of alleged liquidated damages recoverable under FLSA, from which no taxes or deductions will be withheld, and which shall be reported on an IRS Form 1099 (the "Nonwage Payment"). This payment shall be made upon and subject to compliance with the requirements of subsections 2.b, below. This payment includes separate consideration of One Hundred and 00/100 Dollars ($100.00) for Plaintiff's general release of all claims against Defendant pursuant to Paragraph 3(e) below.

  (iii)  The Company shall issue a third check made payable to Wenzel Fenton Cabassa, P.A., in the amount of Ten Thousand One Hundred Forty and 00/100 Dollars ($10,140.00), in lieu of alleged attorney's fees recoverable under FLSA, from which no taxes or deductions will be withheld, and which shall be reported on an IRS Form 1099 (the "Attorney's Fees Payment"). This payment shall be made upon and subject to compliance with the requirements of subsections 2.b, below.

b. The obligation to deliver the Settlement Payment provided in subsection 2.a, above, five days after the last of the following conditions is completed: (1) receipt by the Company, c/o Daniel W. Anderson, Esq., of a copy of the Agreement bearing Pipes' signature and the signature of Pipes' counsel; (2) receipt by the Company, c/o Daniel W. Anderson, Esq., of properly executed IRS Form W-9 from Wenzel Fenton Cabassa, P.A.; (3) receipt by the Company, c/o Daniel W. Anderson, Esq., of properly executed IRS Forms W-4 and W-9 from Pipes; and (4) entry by the United States District Court of an Order approving settlement and dismissal of the Action on the terms provided in this Agreement.

c. Except as set forth in Section 2 of this Agreement, Pipes shall receive no other payments or benefits from the Company. Pipes expressly represents and acknowledges that she is not entitled to any different or greater sum, over and above the Settlement Payment set forth in this Section 2 of this Agreement.

d. Pipes agrees and acknowledges that unless she enters into this Agreement, she would not otherwise be entitled to receive the Settlement Payment. The Settlement Payment and other consideration is in full and complete settlement of the claims brought by Pipes in this Action.

e. Pipes is and shall be solely responsible for all federal, state, and local taxes that may be owed by her by virtue of the Settlement Payment and the waiver and release identified in Paragraph 3 of this Agreement. Pipes agrees to indemnify and hold the Company harmless from any and all liability and expenses including, but not limited to, the amount of any taxes or social security payments, penalties, interest, fines, costs and attorneys' fees,

arising out of or occasioned by any failure to report the Settlement Payment, or any part of the Settlement Payment, on any tax return or other return or report which may be required by law, or to withhold or pay to the appropriate agency the appropriate amount of taxes which may be due on this Settlement Payment, in the tax year when any such payment is due.

3. **<u>Waiver and Release of Claims.</u>**

a. Pipes represents and warrants that at the time of executing the Settlement Agreement, there are no known claims against the Company that have not been alleged in the underlying Complaint. Nevertheless, to resolve any doubts about such claims, the parties have negotiated separate consideration for a general release of all claims against the Company and have agreed that the value of such release is One Hundred and 00/100 ($100.00).

b. Pipes, knowingly and voluntarily releases and forever discharges the Company and its respective parent corporations, affiliates, subsidiaries and divisions, successors, or assigns, and the current and former employees, officers, directors, managers, insurers, attorneys, and agents thereof, both individually and in their official capacities, (collectively, "Releasees") of and from any and all claims, known and unknown, asserted and unasserted, she has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violations of:

Title VII of the Civil Rights Act of 1964, as amended;

The Civil Rights Act of 1991;

Sections 1981 through 1988 of Title 42 of the United States Code, as amended;

The Employee Retirement Income Security Act of 1974, as amended ("ERISA");

The Immigration Reform and Control Act, as amended;

The Americans with Disabilities Act of 1990, as amended;

The Age Discrimination in Employment Act of 1967 ("ADEA"), as amended;

The Workers Adjustment and Retraining Notification Act, as amended;

The Fair Labor Standards Act, as amended;

The Occupational Safety and Health Act, as amended;

> The Florida Civil Rights Act, as amended;
>
> The Florida Minimum Wage Law, as amended;
>
> Equal Pay Law for Florida, as amended;
>
> Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance, including claims for workers' compensation retaliation;
>
> Any public policy, contract, tort, or common law; or
>
> Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

    c.    Pipes further acknowledges and agrees that, with respect to the rights and claims she is hereby releasing and waiving, she has received full and fair consideration.

    d.    This release does not include a release of any other rights Pipes may have under this Agreement.

    e.    Pipes represents and warrants that at the time of executing the Settlement Agreement, there are no known claims against the Company that have not been alleged in the underlying Complaint. Nevertheless, to resolve any doubts about such claims, the parties have negotiated separate consideration for a general release of all claims against the Company and have agreed that the value of such release is One Hundred and 00/100 ($100.00). Such separate consideration is being paid to Pipes by the Company pursuant to Paragraph 2(a)(i) above.

4.    **Dismissal of Action.**

Pipes shall and does hereby authorize her counsel to execute on behalf of Pipes a stipulation of dismissal of the Action with prejudice. The Company and Pipes shall cooperate in taking, and hereby authorize their respective counsel to take, all actions necessary to facilitate dismissal of the Action, including filing a motion for approval of the Agreement and any additional filings as may be required by the Court.

5.    **No Other Representations.**

Pipes and the Company each represent to the other and acknowledge that in executing this Agreement they have not relied upon any express or implied representation or statement, not set forth herein, made by the other party or by any of the agents, representatives, or attorneys of the other party, with regard to the premises, subject matter, basis or effect of this Agreement or otherwise.

6.    **Sole and Entire Agreement.**

- 4 -

This Agreement sets forth the entire agreement between the parties hereto and supersedes any and all prior agreements or understandings between them pertaining to the subject matter hereof. This Agreement binds and benefits the parties and their successors.

7. **General Provisions.**

   a. This Agreement may not be changed unless the change is in writing and signed by Pipes and an authorized representative of the Company, and approved by the Court.

   b. If any single section or clause of this Agreement should be found unenforceable, it shall be severed and the remaining sections and clauses shall be enforced in accordance with the intent of this agreement

   c. This Agreement is governed by and is to be construed in accordance with the law of the State of Florida, without regard to its conflict of laws provisions.

   d. The failure of any party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

   e. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof.

   f. This Agreement may be signed in several original counterparts, with one original counterpart retained by each party hereto. In that case, each original signed counterpart shall be considered the complete Agreement. Otherwise, any true and accurate photo copy of the fully executed Agreement signed by each of the parties shall be sufficient for any reason to constitute the true and actual Agreement.

   g. Each of the parties hereto, through their respective counsel, has cooperated and participated in the drafting of the language of this Agreement and each party therefore agrees that the Agreement is not to be construed more strictly against any other party because such party may have finalized and/or printed this written Agreement.

8. **Effective Date.**

The terms and condition of this Agreement will take effect immediately upon its execution by both Pipes and the Company.

9. **Pipes' Acknowledgement.**

## PIPES AFFIRMS THAT:

A. PIPES HAS CAREFULLY READ THIS ENTIRE AGREEMENT, HAS HAD A REASONABLE TIME TO CONSIDER IT AND TO HAVE IT TRANSLATED INTO ANY LANGUAGE DESIRED BY PIPES, AND HAS REVIEWED IT WITH HER UNDERSIGNED ATTORNEY;

B. PIPES POSSESSES SUFFICIENT EDUCATION AND/OR EXPERIENCE TO FULLY UNDERSTAND THE EXTENT AND IMPACT OF THIS AGREEMENT;

C. THIS AGREEMENT IS WRITTEN IN A MANNER WHICH PIPES IS ABLE TO UNDERSTAND;

D. PIPES IS FULLY COMPETENT TO SIGN THIS AGREEMENT; and

E. PIPES SIGNS THIS AGREEMENT VOLUNTARILY AND WITHOUT ANY COERCION, UNDUE INFLUENCE, THREAT, OR INTIMIDATION OF ANY KIND OR TYPE.

_____
Angela Pipes
Date: 02/18/2019


ACE & W Investment, LLC d/b/a Manny's
Original Chophouse of Kissimmee

By: _____
Its: Yuan Zhang
Date: 2/19/19

APPROVED:

_____
Christopher J. Saba
Counsel for Pipes

Date: 02/18/2019

_____
Daniel W. Anderson
Counsel for ACE & W Investment, LLC
d/b/a Manny's Original Chophouse of Kissimmee
Date: _____

- 6 -